```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SECURITIES AND EXCHANGE          :
COMMISSION,                      :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:10CV1685(RNC)
                                 :
SOUTHRIDGE CAPITAL MANAGEMENT,   :
LLC et al.,                      :
                                 :
     Defendants.                 :
```

## RULING ON MOTION TO COMPEL

Plaintiff Securities and Exchange Commission ("SEC") brings this case against two hedge fund advisers, defendants Southridge Capital Management LLC and Southridge Advisors LLC, and their principal, defendant Stephen M. Hicks. The SEC alleges that defendants made misrepresentations to investors, overvalued fund investments and misappropriated fund assets to pay legal expenses. (Doc. #1.) In August 2012, defendants filed the pending Motion to Compel, doc. #33, arguing that the SEC's responses to interrogatories were vague and/or incomplete. District Judge Robert N. Chatigny referred the motion to the undersigned. (Doc. 22.)

A motion to compel is entrusted to the sound discretion of the district court. In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003). After hearing oral argument on October 2, 2012, the court rules on the discovery requests as follows:

1.  Interrogatory Nos. 1 and 3 seek identification of each instance in which the SEC contends that defendant Hicks made misrepresentations to investors regarding the percentage of investment in "unrestricted, free-trading shares" and "liquid investments, cash or cash equivalents".  Interrogatory No. 19 seeks identification of the "date, time and subject matter [of] every material false statement or omission" that the SEC contends that defendants made.  In response to these interrogatories, the SEC disclosed its entire non-privileged investigative file.  It also identified nine investors who reported the alleged misrepresentations and whom the SEC's plans to call at trial.  The SEC produced transcripts of three of those interviews and identified relevant pages.  Finally, the SEC incorporated by reference other responses identifying relevant public filings and documents from the defendants' own records.

Defendants argue that these responses are incomplete because they fail to identify the full universe of alleged misrepresentations that the SEC intends to raise at trial.  They trace their concern to a request for admission in which they asked the SEC to admit that the only alleged misrepresentations at issue were those described in the complaint.  The SEC denied the request.  At oral argument, the SEC explained that it denied the request because it could not predict defendant Hicks's

testimony and did not want to foreclose itself from addressing any inculpatory facts that he might reveal.  Notwithstanding this reservation, the SEC stated that the only alleged misrepresentations it currently intends to raise at trial are those described in the complaint.

In light of the SEC's representation in open court, the requested relief is denied.  As the parties well know, if the SEC has or learns any responsive information regarding "material false statements or omissions" that has not been disclosed, it must supplement its responses pursuant to Fed. R. Civ. P. 26(e).

2.  As it volunteered at oral argument, the SEC shall review its notes of interviews of the nine investors it intends to call at trial and shall disclose any relevant phrases that obviously are verbatim statements of the interviewees.

3.  The requested relief as to Interrogatory Nos. 2 - 8 and 10 is denied.  The SEC's responses are sufficiently detailed, and it need not supply additional page numbers.

4.  The requested relief as to Interrogatory Nos. 12 - 19 and 22 is denied.  The SEC's responses are adequate.

SO ORDERED at Hartford, Connecticut this 9th day of October, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge