UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                            )
SECURITIES AND EXCHANGE COMMISSION,          )
                                            )
                Plaintiff,                  )
                                            )
    v.                                      )   Case No. 3:10-cv-1685-RNC
                                            )
SOUTHRIDGE CAPITAL MANAGEMENT LLC,           )
SOUTHRIDGE ADVISORS LLC and                  )
STEPHEN M. HICKS,                            )
                                            )
                Defendants.                 )
_____ )

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS SECOND MOTION TO COMPEL

Pursuant to Rules 26, 30 and 37 of the Federal Rules of Civil Procedure, and Local Civil Rule 37, Plaintiff, the Securities and Exchange Commission (the "Commission"), respectfully submits this memorandum in support of its Second Motion to Compel. Defendants Southridge Capital Management and Southridge Advisors ("the Entity Defendants") failed to prepare for and to respond to certain questions during a Fed. R. Civ. P. 30(b)(6) deposition. Although the witness designated by the Entity Defendants (their CFO) directed his staff to prepare a summary of certain information requested by the Commission's Rule 30(b)(6) notice, the witness failed to familiarize himself with this document and was unable to testify about the noticed subject. The Commission seeks production of the document the Entity Defendants prepared in response to the deposition topic and answers to questions concerning that topic.

### FACTUAL SUMMARY

On January 7, 2013, the Commission served the Entity Defendants with Rule 30(b)(6) deposition notices. On January 24, 2013, the Commission served identical notices setting a new

location and date for the deposition (attached to the Declaration of Marc J. Jones ("Jones Decl.") as Exhibits 1 and 2). These notices required the Entity Defendants to designate a deponent on topics including the following (hereinafter, "Topic #4"):

> 4. The investments/holdings of each sleeve of the Southridge Partners and Southshore Capital for each month between January 2004 and December 2008, including the following investors:
>
>    a. Mitchell Cohen;
>    b. Michael Rosenblum;
>    c. Joseph Umbach/Umbach Financial Group/Toledo Fund/Z-Call/S-Call;
>    d. All Pine Street entities;
>    e. Jeffrey Palmer/MMT Fund.

This topic concerns the false representations Defendants made about what investments they would purchase on investors' behalf.

On January 28, 2013, Defendants objected to the Notices (Jones Decl., Ex. 3). They claimed Topic #4 was vague and called for the "memorization" of too much information. They also stated that they should not have to answer because they had produced documents "that allow the SEC to reconstruct this data."

On January 31, 2013, the Commission took the deposition of the Entity Defendants.[1] CFO Thomas Saunders was designated to testify on most of the 30(b)(6) topics including Topic #4. When questioning turned to Topic #4, Saunders explained that, to respond to that topic, the Entity Defendants had prepared a report of the holdings of the investors named. Saunders stated that they had sent the report to counsel. When asked, "Did you familiarize yourself at all with what was in [the report]?" he replied, "No." While Saunders was somewhat familiar with the steps to generate the report (as required by deposition topic #5), he was not prepared to testify concerning the holdings of any investor at any time. (Jones Decl., Ex. 4 ("Saunders Tr."))

---

[1] The parties agreed that answers provided in the January 31 deposition would bind both Entity Defendants.

Following the deposition, the Commission asked the Defendants to produce the portfolio report that Saunders testified had been prepared in response to the Rule 30(b)(6) topic. Defendants' counsel refused, stating (1) the report was work-product; (2) Saunders did not review or familiarize himself with the report; and, (3) the Commission already had access to the information contained in the report. (Jones Decl., Ex. 5)

## ARGUMENT

**I.     The Entity Defendants Produced an Unprepared Witness, Violating Rule 30(b)(6).**

The Entity Defendants had an affirmative duty to designate a witness who could "give complete, knowledgeable and binding answers on [their] behalf" on Topic #4. *Reilly v. Natwest Mkts. Group, Inc.*, 181 F.3d 253 (2d Cir. 1999). They had to make a conscientious, good-faith effort to prepare Saunders to "answer fully, completely, unevasively, the questions posed." *Sony Elecs., Inc. v. Soundview Techs, Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002). Preparation includes a review of materials that "are reasonably available, [including] documents, past employees, or other sources." *Bank of N.Y. v. BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997).

Instead of preparing Saunders on Topic #4, the Entity Defendants offered a witness ignorant of the information sought by the Commission—information Defendants admittedly possessed. Indeed, they gave defense counsel a report containing the holdings but inexplicably did not prepare Saunders to answer questions on that information. Saunders stated that he asked for a report of the named investors' holdings to be produced. (Jones Decl., Ex. 4 ("Saunders Tr."), 215:8-13). He believed that the report contained the information sought by Topic #4. *Id.* at 215:22-25. But he then admitted that he had not familiarized himself at all with the contents of the report. *Id.* at 217:11-13. Counsel echoed that Saunders was not prepared to answer questions about the investors' holdings. *Id.* at 216:13-16.

In other words—contrary to their affirmative duty—the Entity Defendants kept Saunders in the dark about answers to Topic #4. Doing so violated Fed. R. Civ. P. 30(b)(6) and 37(a)(3)(B). *Bank of New York*, 171 F.R.D. at 151. ("Producing an unprepared witness is tantamount to a failure to appear.").

## II.     Defendants' Objections Do Not Excuse Their Witness' Failure to Answer.

### A.     The Designee May Not Fail to Prepare Because Preparing Would Require Too Much Memorization.

Defense counsel claimed Topic #4 required too much memorization by Saunders. This explanation does not justify the Entity Defendants' complete failure to prepare Saunders on this topic. It is not as if Saunders looked at the report containing the answers, but couldn't remember those answers. Instead he didn't even look at it. This tactic is not consistent with the Entity Defendants' duty to prepare.

Rule 30(b)(6) preparation may require a deponent to review detailed or voluminous records. For instance, in *Concerned Citizens of Belle Haven* v. *Belle Haven Club*, the defendant was required to produce a 30(b)(6) deponent with knowledge of club admissions practice over a 24-year span. 223 F.R.D. 39, 34 (D. Conn. 2004). Defendant objected to that burden. The Court rejected the defendant's objection, reminding the defendant of its affirmative obligation to educate its witness. The Court went on to state: "Even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed…. this does not absolve the Club from its responsibility to produce a witness who can provide information within the Club's knowledge or reasonably available to it." *Id.*

Finally, if Saunders and defense counsel knew that he would need to use the report to answer questions on Topic #4 for the Entity Defendants, they should have brought that report

4

with them. They did not. Saunders Tr. at 216:2-217:6. "If, as it appears, the deponent knew that he would need demonstrative aids, in [the party's] possession, in order to meaningfully respond to reasonably expected questions, then the deponent should have brought those records to the deposition to assist him in answering those questions." *Arctic Cat, Inc. v. Injection Research Specialists, Inc.* 210 F.R.D. 680, 685-86 (D. Minn. 2002) (granting additional time to depose witness on topic). The Entity Defendants knew that the report would allow Saunders to answer questions on Topic #4. Yet Saunders and his counsel left it behind.

> **B. The Designee May Not Fail to Prepare Because Answers May Otherwise Be Found in Produced Documents.**

Nor may Defendants resist answering a Rule 30(b)(6) topic because the information sought may be contained in documents previously produced. "A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and any underlying factual qualifiers of those documents…." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010). By failing to educate Saunders about the holdings in the investors' accounts, Defendants kept the Commission from asking their designee about the interpretation of reports that might be generated containing that information.

> **C. The Designee May Not Fail to Prepare Because the Necessary Information May Be Contained in a Summary Report Generated at Request of Counsel.**

Lastly, the Entity Defendants may not fail to answer questions on Topic #4 because the answers may be contained in a database report requested from the Defendants from their counsel. At the outset, the database report is not "work-product" as it was produced mechanically from the Defendants' computer records and reveals no attorney impressions or strategy. Saunders

testified that the report was a standard report generated mechanically from Defendants' Access database. Tr. 209:19-214:14. Thus, the report is merely a computer-generated business record, rather than a document which reflects the work of counsel.

Even if the report were to be considered work product, the Entity Defendants still would be required to use that document to prepare their designee. "In light of the affirmative duty imposed by Rule 30(b)(6), [defendant's] corporate representative was obliged to gain some understanding of the underlying facts, regardless of the source identifying underlying facts, and to answer questions accordingly. It matters not that the witness' understanding was gleaned from documents protected as work product, as the facts within those documents are not subject to protection." *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003); *see also Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts*, 2008 WL 427290 (D. Mass. Feb. 13, 2008) ("The work product privilege is not broad enough to shield defendants' corporate representative from answering questions regarding factual information learned while working with counsel….").

### III. The Entity Defendants Should Be Compelled to Produce the Prepared Report and to Answer Questions on Topic #4.

When a party fails to answer a question asked under Fed. R. Civ. P. 30, or fails to make a designation under Fed. R. Civ. P. 30(b)(6), a party may seek an order compelling an answer, designation, or production. Fed. R. Civ. P. 37(a)(3)(B). The Commission respectfully requests this Court to order the Entity Defendants' to produce the computer report Saunders referenced in his testimony, and to answer up to ten interrogatories concerning the report. The Commission believes this remedy would be the least burdensome and costly for the parties. In the alternative, the Commission respectfully requests this Court order that the Entity Defendants designate a witness for deposition concerning Topic #4 within 30 days.

## CONCLUSION

For all the foregoing reasons, the Commission respectfully requests entry of an order as described above.

Respectfully Submitted,

/s/ Marc Jones

Frank C. Huntington (Fed. Bar No. CT-01850)
    Senior Trial Counsel
Marc Jones (phv05721)
    Senior Enforcement Counsel
Michael D. Foster (phv04800)
    Senior Trial Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8947 (Jones direct)
(617) 573-4590 (fax)
jonesmarc@sec.gov

Local Counsel:
John B. Hughes (Fed. Bar No. CT-05289)
 Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700
(203) 773-5373 (fax)

Dated: March 1, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

/s/ Marc J. Jones

Marc J. Jones (phv05721)
Senior Trial Counsel
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8947
(617) 573-4590 (fax)
jonesmarc@sec.gov