# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-1685-RNC |
| | ) | |
| SOUTHRIDGE CAPITAL MANAGEMENT LLC, | ) | |
| SOUTHRIDGE ADVISORS LLC and | ) | |
| STEPHEN M. HICKS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S REPLY IN SUPPORT
## OF ITS FIRST MOTION TO COMPEL

In objecting to the Commission's first requests for admission (the "Requests"),

Defendants invoke a separate "written discovery deadline" found nowhere in the case scheduling

order.  In opposing the Commission's motion to compel, Defendants refute arguments not made

by the Commission and fail to respond to the arguments the Commission has made.

Nevertheless, the following points remain undiminished:  (1) the Requests were served thirty

days before the (only) operative fact discovery deadline; (2) Defendants suffered no prejudicial

reduction of response time from email service of the Requests; and (3) service of the Requests by

email was proper in this ECF case (as confirmed by the parties' course of conduct in discovery).

Under these circumstances, the Commission respectfully submits that the Court should overrule

Defendants' objections and require Defendants to answer the Requests.  This will best serve the

interests of judicial economy, by narrowing the issues for trial, and will not prejudice Defendants

or the proceedings.

I.     **Neither the Scheduling Order Nor the Rules Support Defendants' Position that the Requests Should Have Been Served Months Before Discovery Closed.**

Defendants maintain that there were different deadlines in this case for written discovery and deposition discovery, but they fail to point to any order containing those separate deadlines. For example, Defendants argue that "written discovery in this case closed on October 31, 2012 pursuant to the August 21 [sic], 2012 Scheduling Order." (ECF No. 78, Defs.' Opp'n at 1)  But the scheduling order entered on August 22, 2012 says no such thing. (ECF No. 36)  Rather, it contains a single deadline for completion of all fact discovery (and earlier deadlines pertaining to experts), stating:  "Discovery due by 10/31/2012."[1]  This order paralleled the Court's original scheduling order (ECF No. 22) and a subsequent modification of the order (ECF No. 32), both of which included interim deadlines related to experts but otherwise established one deadline for the close of all discovery.  By joint motion, the parties later proposed a new deadline (January 30, 2013) for the "close of all fact discovery," and the Court agreed. (ECF Nos. 55, 56)[2]

Lacking a court-ordered "written discovery deadline," Defendants insist a deadline was established "[b]y agreement of the parties." (Defs.' Opp'n at 5)  But no such agreement was reached, and Defendants' brief only bears this out.  Defendants cite an email dated October 4, 2012 where they proposed extending certain deadlines six months and moving "the close of deposition discovery one month." (*Id.* at 7 (citing Gill Decl. ¶ 4, Ex. 3))  As the Commission's papers show, what the parties actually agreed to after an October 9, 2012 telephone conference

---

[1] In fact, the Court made two docket entries on August 22, 2012.  The first established new dates pertaining to experts, close of discovery, and scheduling of certain conferences.  The second reiterated the single fact discovery deadline of the first, stating in full:  "Set Deadlines: Discovery due by 10/31/2012."

[2] Defendants argue that the October 10, 2012 motion included "no request to extend the deadline for written discovery." (Defs.' Opp'n at 6)  Again, there was no such "written discovery deadline."  Defendants' argument that the motion included "no request to extend 'all' discovery" is similarly disingenuous.  (*Id.*)  At page 3 of the motion, "the parties request[ed] an extension of the remaining pre-trial deadlines" and specifically proposed January 30, 2013 for the "[c]lose of all fact discovery." (ECF No. 55, Joint Mot.)

was quite different:  "a one month extension" for the deposition of Defendants' expert and "a three month extension of other deadlines." (ECF No. 67-5)  These are the deadlines proposed to and entered by the Court.  In light of the parties' agreement and the Court's Order, Defendants cannot now argue that "it is clear that the unambiguous language of the Joint Motion is consistent with Defendants' original proposal for an extension."  (Defs.' Opp'n at 7)

Defendants fare no better in attacking their straw-man argument "that requests for admission are not discovery devices and therefore the SEC is entitled to serve them past the close of any fact discovery."  (*Id.*)  This is not actually Plaintiff's argument, and thus Defendants' reliance on *Joseph L. v. Connecticut Dept. of Children & Families*, 225 F.R.D. 400 (D. Conn. 2005) and *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217 (D.D.C. 2001) is misplaced.[3]  Rather, Plaintiff correctly pointed out that requests for admission serve a function (defining and limiting trial issues) distinct from information-gathering discovery devices.  This function makes it highly impractical to foreclose the use of Rule 36 with over three months remaining in the discovery period, as Defendants contend happened here.  (*See* ECF No. 67, Pl.'s Mem. at 5-7)

Unlike in *Kelly v. McGraw-Hill Companies*, 279 F.R.D. 470 (N.D. Ill. 2012), this Court need not decide whether requests for admission may be served *after* the close of discovery, because here the Requests were served 30 days *before* the discovery cutoff.  Nonetheless, *Kelly* and the other decisions cited by the Commission (the reasoning of which Defendants do not attempt to address) highlight the illogic of Defendants' position and thus provide useful guidance

---

[3] Both those decisions involved Rule 36 requests that were served just days before the discovery cutoff and arguments that the requests were not subject to the case scheduling order.

to the Court's resolution of this motion.[4]

## II.   Defendants Concede They Had Sufficient Time to Answer the Requests.

Where courts have resolved similar disputes about the timeliness of discovery requests, typically the decision has turned on whether the objecting party suffered any meaningful prejudice.  *See, e.g., Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 3758832, at *1 (E.D. Mich. Aug. 29, 2012) (overruling timeliness objection and finding no prejudice from email service of discovery requests 31 days before discovery deadline); *Kline v. Berry*, Civ. A. No. 10-1802, 2012 WL 3553411, at *6 (D.D.C. Aug. 17, 2012) (requests to admit served by email 30 days before discovery deadline were not issued "at the last moment before discovery was to close or at a time that would cause Plaintiff prejudice"); *Lykins v. Certainteed Corp.*, Civ. A. No. 11-2133, 2012 WL 3578911, at *3 (D. Kan. Aug. 17, 2012) (granting motion to compel where defendant failed to identify any prejudice from having to respond to discovery served by email 31 and 32 days before discovery cutoff); *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475, 2012 WL 1413368, at **3-4 (N.D. Cal. Apr. 23, 2012) (finding defendant had sufficient time to respond to interrogatories and requests for admission served by email, even though three-day provision of Rule 6 meant responses were technically due after the discovery cutoff); *Danger v. Wachovia Corp.*, No. 10-61818-CIV, 2011 WL 1743763, at *4 (S.D. Fla. May 6, 2011) ("Defendants have failed to identify any prejudice that would result from having to respond to Plaintiff's written discovery requests, and the Court does not find any such prejudice."); *contrast Joseph L.*, 225

---

[4] Contrary to Defendants' suggestion, neither the *Kelly* court nor the Commission was remiss in noting that requests to admit are not principally discovery devices.  Numerous other cases and two leading procedural treatises say the same thing. (*See* Pl.'s Mem. at 5-7)  Even the *Gluck* decision cited by Defendants (and relied upon in *Joseph L.*) acknowledged this basic point. *Gluck*, 204 F.R.D. at 218-219 ("Rule 36, strictly speaking, may not set forth a discovery procedural at all because a party does not seek to discover a fact or opinion through a request for admission.").  Defendants also claim that the requests at issue in *Kelly* were different in kind from those at issue here.  Not so.  But if Defendants believe the statements in the Requests are easily denied, as they suggest, this begs the question why they did not simply do so instead of litigating a motion to compel.

F.R.D. at 401 (defendants not required to respond where "the penultimate day before the court-ordered deadline for the completion of discovery, the plaintiff served upon the defendants 163 requests for admission"); *Gluck*, 204 F.R.D. at 219 (defendant not required to respond where plaintiff "served his requests for admissions a matter of days before the discovery deadline").

Unable to deny that they had ample time to answer the Requests and would suffer no prejudice if compelled to answer them now, Defendants resort to creating another straw-man. They wrongly claim the Commission touts a "wide-spread practice of courts ignoring service deadlines under the Federal Rules" and then purport to refute that proposition.  (Defs.' Opp'n at 12-14)  Of course, that is not the Commission's argument.  Rather, the Commission has shown that in the narrow circumstances presented here, a consistent line of cases have allowed discovery requests even though the three-day provision of Rule 6(d)[5] operated to extend the response period slightly beyond the discovery cutoff date.  Indeed, five district courts in five different circuits have ruled in this manner in the last two years alone.  In all those cases, as here, the objecting party had at least 30 days to respond to the subject discovery.

Defendants' supposedly contrary cases do not persuade otherwise.  For example, in *Pirrotti v. Respironics, Inc.*, the plaintiff's motion to compel involved numerous requests for production, some of which were served only 15 days before the discovery deadline, and the court was "unable to discern which documents plaintiff [was] still seeking." 2012 WL 3113142, at *1 (D. Conn. July 31, 2012).  Thus, the court's decision rested not merely on the untimeliness of the requests, but also on the plaintiff's failure to show the information sought was likely to lead to admissible evidence.  *Id*.  Other decisions cited by the Defendants involved situations where the objecting party did not actually have 30 days within the discovery period to respond to the

---

[5] Plaintiff's memorandum referred to this provision by its former designation, Rule 6(e).  As a result of the 2007 restyling of the Federal Rules of Civil Procedure, the three-day provision is now found under Rule 6(d).

requests. *See In re Milnes*, 2012 WL 5398860, at *6 (Bankr. N.D. Cal. Nov. 2, 2012) (requests

for admissions served by mail less than 30 days before discovery cutoff); *Green v. Archer*

*Daniels Midland*, 2012 WL 85409, at *1 (E.D. La. Jan. 11, 2012) (three weeks after discovery

deadline, plaintiffs sought to conduct additional discovery); *Adobe Sys. Inc. v. Christenson*, 2011

WL 1322529, at *1 (D. Nev. Apr. 5, 2011) (voluminous discovery requests served 24 days and

one day before the discovery cutoff date); *Commonw. Annuity & Life Ins. Co. v. Dalessio*, 2009

WL 2169868, at *2 (N.D. Cal. July 20, 2009) (requests not deemed admitted where served by

mail 30 days before close of fact discovery).[6]

By contrast, here Defendants actually received the Requests 30 days before the discovery

deadline.  And had the Commission mailed the Requests 33 days before the discovery deadline

(as Defendants presumably suggest the Commission should have done since they also object to

email service), Defendants likely would have had *less* time to respond. (*See* Pl.'s Mem. at 8)[7]

Defendants dismiss this point as a misplaced "policy argument" (Defs.' Opp'n at 14-15), when in

fact it demonstrates the absence of prejudice to the Defendants—something they tacitly concede.

## III.   The Requests Were Properly Served By Email.

Defendants gain no better traction for their cause by disputing the suitability of the

method of service.  They protest that the Court's ECF procedures manual "provides no explicit

waiver of the requirement a party consent to service by email." (Defs.' Opp'n at 15)  But Section

---

[6] The remaining two decisions cited by Defendants, while arguably closer on point, do not involve requests for admission and lack any analysis of the benefits of the discovery or the prejudice to the objecting party. (*See* Defs.' Opp'n at 14 (citing *Gott v. Raymond Corp.*, 2008 WL 4911879 (N.D.W. Va. Nov. 14, 2008); *Nesselrotte v. Allegheny Energy, Inc.*, 2008 WL 1925107 (W.D. Pa. Apr. 30, 2008)). They are neither controlling nor instructive.

[7] In their zealous pursuit of form over substance, Defendants turn Rule 6(d) on its head.  The rule was "intended to protect parties who are served with a pleading or other paper by mail from suffering a systematic diminution of their time to respond through application of Rule 5(b)." 4B Wright & Miller, *Federal Practice and Procedure* § 1171 (3d ed.)  Yet Defendants essentially advocate that they were wrongfully deprived of the diminished response time that likely would have resulted from mail service on December 28, 2012.

VII.C expressly provides that by registering for electronic filing "attorneys consent to the electronic notice and service of all documents."

Defendants dismiss the Eastern District of California cases that undermine their position, claiming those decisions turned on different language in the applicable local rule. (Defs.' Opp'n at 16) The language of that rule, however, similarly states that by registering as ECF filers, attorneys "consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E)." (*Id.*, quoting E.D. Cal. Local Rule 5-135(g)(1)) While the rule further explains registration also constitutes a "waiver of the right to receive service by any other means," the absence of that additional language here means little. The question is not whether Defendants waived consent to mail or personal service. The question is whether they provided consent to electronic service. This Court's ECF manual says they did.

The Commission's opening brief, and the cases cited therein, further addressed whether it makes sense to require electronic service of documents filed with the court and yet require mail or personal service for discovery requests. (*See* Pl.'s Mem. at 12) Put simply, it does not. Defendants have presented no contravening argument.

Finally, Defendants would have the Court ignore the hypocrisy inherent in their own practice of email service in this case. Defendants weakly argue that "many"—i.e., not all—of the deposition notices attached to the Commission's motion "were served by mail with a courtesy copy sent by email." (Defs.' Opp'n at 17 n.5) As shown by the Commission, however, Defendants served various documents (interrogatories, requests for admission, and deposition notices) by email without any separate consent of the Commission (apart from the ECF rules). (*See* ECF No. 67-6) Defendants even served their objections to the Commission's requests for admission by email. (*See* ECF No. 67-3 at p. 24)

7

Defendants' position that mail delivery was their "real" service method and email delivery was mere "courtesy copy" is too clever by half:  Defendants' own certificates of service expressly state that defense counsel caused particular documents "to be <u>served</u> by email." (*Id.*; *see also* ECF No. 67-6 at p. 25-26; ECF No. 78-9 at p. 4)  If anything, additional mail delivery was superfluous.  *Cf. Cherry Line, S.A. v. Muma Servs.*, No. CIV A 03-199, 2007 WL 778179, at *1 (D. Del. Mar. 13, 2007) ("In the Court's view, electronic service controls in the circumstances of the instant dispute, and is generally preferable to mail and hand delivery service.  When a party chooses electronic means or mail delivery, separate hand delivery is gratuitous and has no effect on response times.").

The point of this evidence is not, as Defendants suggest, to prove implied consent. Rather it shows that Defendants may not, at this late stage of the proceedings, dispute the scope of the consent they in fact provided as participants in the Court's CM/ECF system. (*See* Pl.'s Mem. at 13 (citing *Baldwin v. U.S.*, 823 F. Supp. 2d 1087, 1108-10 (D. N. Mar. I. 2011); *Greenly v. Lee*, No. CIV S-06-1775, 2008 WL 298822, at *1 (E.D. Cal. Feb. 1, 2008); *Alberston v. Winner Automotive*, No. Civ.A. 01-116, 2004 WL 2435290, at **4-5 (D. Del. Oct. 27, 2004))

**CONCLUSION**

Defendants offer no convincing reason why they should not answer the requests for admission served by the Commission via email thirty days before the close of discovery.  Thus, for the reasons set forth above and in the Commission's initial brief, the Commission asks that the Court grant this motion to compel.

Respectfully Submitted,

/s/ Marc Jones
Marc Jones (phv05721)
    Senior Enforcement Counsel
Michael D. Foster (phv04800)
    Senior Trial Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8947 (Jones direct)
(617) 573-4590 (fax)
jonesmarc@sec.gov

Local Counsel:
John B. Hughes (Fed. Bar No. CT-05289)
 Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700
(203) 773-5373 (fax)

Dated:  April 2, 2013

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 2, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the Court's CM/ECF System.

<u>/s/ Marc J. Jones</u>
Marc J. Jones (phv05721)
Senior Enforcement Counsel
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8947
(617) 573-4590 (fax)
jonesmarc@sec.gov