## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                                            )
SECURITIES AND EXCHANGE COMMISSION,         )
                                            )
              Plaintiff,                    )
                                            )
       v.                                   )    Case No. 3:10-cv-1685-RNC
                                            )
SOUTHRIDGE CAPITAL MANAGEMENT LLC,          )
SOUTHRIDGE ADVISORS LLC and                 )
STEPHEN M. HICKS,                           )
                                            )
              Defendants.                   )
_____ )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
## FOR EXTENSION OF TIME TO OPPOSE SUMMARY JUDGMENT

Plaintiff Securities and Exchange Commission (the "Commission") opposes Defendants' Motion for Extension of Time (ECF No. 83). Defendants fail to provide a compelling reason why they need an additional two weeks to respond to Plaintiff's partial summary judgment motion. They also fail to explain why they waited until one business day before their opposition is due to request this extension. Plaintiff respectfully requests that this Court deny Defendants' motion, and not modify the current April 8 due date for opposition papers.

Defendants' have not met the requirements for obtaining an extension. Local Rule 7(b)(2) requires a party to show good cause for their requested extension. The Rule specifies that the moving party must make "a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." Defendants' motion is silent about their diligence. Nor does it mention why the deadline cannot be met despite that diligence. For that reason, their motion should be denied.

Nor could Defendants make this required particularized showing, as the following facts demonstrate. By telephone on January 29 and by letter to this Court on January 30, Plaintiff informed Defendants of its intent to file summary judgment and summarized its arguments in favor of that motion. Defendants did the same regarding their then-intended motion. The Court set February 25 for the parties to file those Motions.

By joint request of the parties in light of ongoing discussions following the Settlement Conference with the Hon. Judge Martinez, briefing for the summary judgment motions was delayed two weeks, with motions to be filed on March 11. Later that deadline was extended one more week, to March 18. On that date, the Commission timely filed its Motion for Summary Judgment; Defendants opted not to file a Motion.

It has now been 67 days since the Commission first discussed its intended motion with defense counsel. Yesterday, defense counsel asked the Commission to agree to an extension of the deadline for their Opposition, citing A) the absence due to vacation of one of the seven members of their defense team and B) a long-standing vacation of Mr. Saunders, one of Defendants' executives. Only 'B' appears in their Motion.

Defendants do not explain why, if Saunders was traveling on a pre-scheduled vacation, they failed to obtain what they needed from him before his departure. Nor do they explain why they need an additional two weeks to respond if Mr. Saunders returns on Monday, the day their opposition is due. And they do not explain why, if they needed two weeks to work with Mr. Saunders, they did not know that fact at least two weeks ago, instead of a few days before their opposition was due. The stated ground for the extension does not seem to match the need for the extension, the length of extension, or the timing of the request for extension.

Additionally, in the last three months, Defendants have taken miserly (and flawed) positions on time standards and procedural requirements. For instance, in their Opposition to the SEC's First Motion to Compel (ECF No. 78), they defend their refusal to answer Requests for Admissions with a claim the admissions were due two days past the discovery deadline and a call for strict observance of all discovery deadlines. In effect, Defendants and their counsel advocate a rigid adherence to time standards for the Plaintiffs and a flexible schedule for Defendants to accommodate their vacation plans. If Defendants are going to insist that this Court "strictly enforce deadlines" (ECF No. 78, at 2), they should live within those deadlines themselves.

## CONCLUSION

Defendants fail to meet the requirements of L.R. 7(b), and offer no compelling reason why they should be granted an extension or why they waited so long to ask for one. Therefore, the Commission respectfully requests this Court deny the Motion for Extension of Time.

Respectfully Submitted,

/s/ Marc Jones
Marc Jones (phv05721)
    Senior Enforcement Counsel
Michael D. Foster (phv04800)
    Senior Trial Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8947 (Jones direct)
(617) 573-4590 (fax)
jonesmarc@sec.gov

Local Counsel:
John B. Hughes (Fed. Bar No. CT-05289)
 Assistant United States Attorney
Chief, Civil Division

>United States Attorney's Office
>Connecticut Financial Center
>157 Church Street, 23rd Floor
>New Haven, CT 06510
>(203) 821-3700
>(203) 773-5373 (fax)

Dated: April 5, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

>/s/ Marc J. Jones
>Marc J. Jones (phv05721)
>Senior Enforcement Counsel
>**SECURITIES AND EXCHANGE COMMISSION**
>33 Arch Street, 23rd Floor
>Boston, MA 02110
>(617) 573-8947
>(617) 573-4590 (fax)
>jonesmarc@sec.gov