UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        )
SECURITIES AND EXCHANGE COMMISSION,     )
                                        )
            Plaintiff,                  )
                                        )
     v.                                 )   Case No. 3:10-cv-1685-RNC
                                        )
SOUTHRIDGE CAPITAL MANAGEMENT LLC,      )
SOUTHRIDGE ADVISORS LLC and             )
STEPHEN M. HICKS,                       )
                                        )
            Defendants.                 )
_____  )

## PLAINTIFF'S REPLY IN SUPPORT
## OF ITS SECOND MOTION TO COMPEL

Defendants claim they produced a well-prepared witness who had done all he could to prepare for the deposition. Defendants' witness testified that he did only one thing to prepare for Deposition Topic #4—ask that a report be generated—and then did not look at the report. Defendants claim that the burden to prepare for Topic #4 was too much, and that no one could be expected to remember all the answers that could be asked. The testimony shows Defendants failed even to try. Defendants claim the report their witness commissioned to prepare for Topic #4 is attorney work product. Defendants' witness testified that the report merely covered the investors named in Topic #4 of the deposition notice. Defendants' Opposition does not correspond to their witness' testimony.

To bridge these factual gaps, Defendants contort the Commission's arguments and the facts. The Commission submits this reply to correct the logical and factual fallacies that underpin Defendants' Opposition. Defendants have failed to respond to the Commission's actual arguments or to acknowledge the facts as stated by their witness. For these reasons, and those set

forth below and in the Commission's initial brief, the Commission respectfully requests the Court grant its Second Motion to Compel.

## ARGUMENT

I. **Defendants claim Saunders was prepared to answer questions about Topic #4. Not so.**

Defendants insist Saunders was prepared to answer questions about Topic #4. He wasn't:

> Q: Mr. Saunders, in response to deposition topic #4, let me read that to you: "The investments/holdings of each sleeve of the Southridge Partners and Southshore Capital for each month between January 2004 and December 2008, including for the following investors," and there are a number of them listed there.
>
> Did you undertake any efforts to establish what was being held in each sleeve or class of shares for any of the named investors that are there?
>
> A: I asked Cynthia to produce those for us.
>
> Q: Okay, And did Miss Torian produce them for you?
>
> A: Yes.
>
> ….
>
> Q: Okay. What was your intention in asking for that report to be produced?
>
> A: I asked somebody to produce it and send it to Anthony.
>
> Q: Okay. And did you familiarize yourself at all with what was in it?
>
> A: No.

(Jones Decl., Ex. 4, ECF No. 70-2, Rule 30(b)(6) Dep. of Southridge designee Thomas Saunders, ("Saunders Tr."), 214:24-215:16, 217:7-13)

Saunders testified that he did one thing and one thing only to prepare to answer questions on Topic #4: generate the report described. He then testified that he did not look at the report. At the beginning of his deposition, Saunders claimed to have looked at investor statements. But when asked what he did to prepare for Topic #4, he admitted he sent those investor reports to

counsel and never familiarized himself with them.[1] According to his own testimony, Saunders was not prepared to answer questions on Topic #4.

Defendants appear to recognize this fact. To support their contention that Saunders was prepared on Topic #4, they cite his discussions with Hicks, the accounts payable clerk, and the assistant controller, and his review of shareholder ledgers and documentation from the Access database system. Yet, none of these efforts would have familiarized Saunders with the holdings in investors' accounts.

Then Defendants float a red herring: that Saunders "was prepared to give detailed answers regarding the form of the reports that could be generated out of Access and how one would generate those reports." (Defendants' Opp. to the Second Motion to Compel, ECF No. 80 ("Defs' Opp.") at 7-8) Defendants trumpet this point, without explaining that the preparation and generation of those reports was the subject of other deposition topics—not the one at issue here. (*See* Jones Decl., ECF No. 70-2, Exs. 1 & 2) Topic #5 asked for "The method for using Southridge's Access Database and/or other electronic or paper records produced by Defendants to establish the holdings of each investor's sleeve on a monthly basis." Topic #6 asked in part for, "The use of the Access Database to generate investor statements and gross asset reports, and the procedure for creating these." Saunders' preparation on these topics says nothing about his preparation on Topic #4, and it is disingenuous of Defendants to suggest otherwise.

Saunders had many ways to prepare to answer Topic #4 questions. He could have reviewed the major investments made by Defendants in that time period. He could have looked at the accounts of the investors specifically named in Topic #4. He could have actually looked at the holdings reports he had his staff generate. He could have brought that report with him. He

---

[1] Defendants claim that it is "undisputed" that Saunders reviewed the reports that would enable him to answer questions regarding Topic #4. (Defs' Opp. at 9) To the contrary, Saunders' admissions demonstrate the falsehood of Defendants' statement.

3

didn't. He was unprepared to answer *any* questions about Topic #4, and thus Defendants failed in their duty to produce a witness on Topic #4.

### II. Defendants pretend the Commission is complaining because Saunders did not memorize all the holdings in all the accounts. Not so.

Defendants repeatedly claim (on pages 5, 9, 10 and 11 of their Opposition) that the Commission wants to require Mr. Saunders to memorize some large amount of information, and that his inability to do so is the basis for the Second Motion to Compel. But, that is not at all what the Commission asked for or expected from Defendants' designee.

Defendants have lost sight of the difference between "not every question" and "not any question." They warp the Commission's complaint into one where the Commission unreasonably cries inadequate preparation because Saunders could not answer every Topic #4 question. (Defs' Opp. at 5-6) But the Commission does not bring this Motion because Saunders could not answer *every* question. It does so because Saunders could not answer *any* question about Topic #4, because he was not prepared.

Defendants' citations to the "rule of reason" and the limits of what can be expected for preparation (*id.*) demonstrate the straw man they put forward. Of course, the Commission agrees that there are limits to what can be expected of a 30(b)(6) witness. But a witness cannot refuse to prepare at all, just because preparation for every question may not be possible. *See Sony Elecs., Inc. v. Soundview Techs, Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002) (requiring a conscientious, good-faith effort to prepare witness to testify).

### III. Defendants pretend that expecting Saunders to bring the report with him is tantamount to requiring him to bring boxes of documents about many topics.

The Commission argued that if Mr. Saunders knew that he was going to need the investor holdings report to help him answer questions on Topic #4, then he should have brought it with

4

him. *See* Plaintiff's Memo. of Law in Support of its Second Motion to Compel, ECF No. 70-1, at 4-5 *citing Arctic Cat, Inc. v. Injection Research Specialists, Inc.* 210 F.R.D. 680, 685-86 (D. Minn. 2002)(finding "facile" deponent's assertion that he could only answer by reviewing records he did not bring). This case law cited by the Commission rests on common sense: deponents should not claim they are unable to answer questions on a deposition topic without looking at a document and then deliberately leave that document behind. That tactic is purposely evasive, and thus contrary to the Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(4) (evasive answer treated as failure to answer).

Defendants make no effort to address this case law or the commonsense proposition at its base. Instead, they distend that proposition into the possibility that they would be required to bring every document about every topic. This slippery-slope fallacy is belied by the Commission's ability at the deposition to ask Saunders about every other topic without him having brought all those boxes of documents.

**IV.     Defendants instruct the Commission to seek answers through the examination of documents instead of testimony, ignoring the Commission's right to ask a prepared witness questions outside the printed page.**

Defendants insist that the Commission get its Topic #4-related answers through document analysis, rather than through an adequately prepared corporate designee. In doing so, they presume the Commission would have asked Saunders simply to list every holding in the documents. (Defs' Opp. at 14) Defendants once again ignore the argument the Commission actually makes:  a 30(b)(6) deponent may be asked to testify about information that may also be contained in produced documents, as the deponent can illuminate the interpretation of the information in those documents, any caveats or qualifications to the information in those documents, and to other follow-up questions concerning that information. *See Dongguk Univ. v.*

*Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010). These are the types of questions the Commission intended to ask. Their answers cannot easily be gleaned from the documents alone. Despite Defendants' presumptions, the Commission needed, and properly requested, a prepared witness to answer those questions.

## V. Defendants overreach in declaring the report Saunders commissioned to be work product.[2]

Defendants claim that the report Saunders had generated to prepare for Topic #4 constitutes attorney work product, as it "was simply a specific selection requested by Defendants' counsel of the reports Mr. Saunders otherwise testified about during his deposition." But Saunders testified that the report he requested was "a portfolio report for each of the investors named." (Saunders Tr., 215:24-25) In context, "the investors named" responds to the earlier reading of Topic #4 to Saunders, in which the Commission stated, "and there are a number of them [investors] listed there." In other words, the report that Saunders had generated was a portfolio report for the investors named by the Commission in Topic #4 to the deposition request. The report did in fact represent "a specific selection" of investors: those selected by the Commission for listing by name in Topic #4, not a set of investors that reflects defense counsel's mental impressions. Saunders testified that he generated the report to familiarize himself with his investors' holdings. (Saunders Tr. 215:8-12) He also testified that it was a standard report from Southridge's records. (Saunders Tr. 217:16-21) Two months later, defense counsel now claim this report was generated as work product. (Defs' Opp. at 8 n.2) Curiously, they did not suggest that at the time of the deposition.

---

[2] Whether a privilege applies to the database report bears only on whether Defendants should now be required to produce the report as partial remedy for producing an unprepared witness, along with interrogatories regarding Topic #4. Defendants concede that the Saunders was obligated to testify about the contents of the report. (Defs' Opp. at 15-16 ("Saunders was free to testify regarding the particular information of an investor's holdings…"))

"Not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions or legal theories is protected as opinion work product…. Whatever heightened protection may be conferred upon opinion work product, that level of protection is not triggered unless disclosure creates a real, non-speculative danger of revealing the lawyer's thoughts." *In re San Juan DuPont Plaza Hotel Fire Litig.* 859 F.2d 1007, 1015 (1st Cir. 1988) (citing *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir. 1987)). Taking Defendants at their word, the report was merely a regular database report generated for a subset of investors to see what the volume of holdings might be. (Defs' Opp. at 4) Producing the report does not create a real danger of revealing defense counsels' thoughts.

Regardless of whether the report itself is work product, as stated in the Commission's original brief, the information it contained was not. Defendants had in their possession a report generated specifically to respond to Topic #4. Saunders could have reviewed it to make some effort to prepare for questioning. He did not.

## CONCLUSION

Defendants offer no convincing reason why they failed to produce a prepared designee on Topic #4 of the Rule 30(b)(6) deposition notices. Thus, for the reasons set forth above and in the Commission's initial brief, the Commission asks that the Court grant the relief set forth in its initial brief.

Respectfully Submitted,

/s/ Marc Jones
Marc Jones (phv05721)
    Senior Enforcement Counsel
Michael D. Foster (phv04800)
    Senior Trial Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**

7

>33 Arch Street, 23rd Floor
>Boston, MA 02110
>(617) 573-8947 (Jones direct)
>(617) 573-4590 (fax)
>jonesmarc@sec.gov
>
>Local Counsel:
>John B. Hughes (Fed. Bar No. CT-05289)
> Assistant United States Attorney
>Chief, Civil Division
>United States Attorney's Office
>Connecticut Financial Center
>157 Church Street, 23rd Floor
>New Haven, CT 06510
>(203) 821-3700
>(203) 773-5373 (fax)

Dated: April 5, 2013

## CERTIFICATE OF SERVICE

      I hereby certify that on April 5, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

>/s/ Marc J. Jones
>Marc J. Jones (phv05721)
>Senior Enforcement Counsel
>**SECURITIES AND EXCHANGE COMMISSION**
>33 Arch Street, 23rd Floor
>Boston, MA 02110
>(617) 573-8947
>(617) 573-4590 (fax)
>jonesmarc@sec.gov