```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

SECURITIES AND EXCHANGE          :
COMMISSION,                      :
                                 :
    Plaintiff,                  :
                                 :
    v.                          :     CASE NO. 3:10CV1685(RNC)
                                 :
SOUTHRIDGE CAPITAL MANAGEMENT,   :
LLC et al.,                      :
                                 :
    Defendants.                 :

<u>RULING ON MOTIONS TO COMPEL</u>

Plaintiff Securities and Exchange Commission ("SEC") brings this case against two hedge fund advisers, defendants Southridge Capital Management LLC and Southridge Advisors LLC, and their principal, defendant Stephen M. Hicks.  Pending before the court are plaintiff's Motion to Compel Responses to its First Set of Requests for Admissions (doc. #65) and Motion to Compel Rule 30(b)(6) testimony (doc. #70).[1]  A motion to compel is entrusted to the sound discretion of the district court.  <u>In re Fitch, Inc.</u>, 330 F.3d 104, 108 (2d Cir. 2003).  After hearing oral argument on May 2, 2013, the court orders as follows.

1. Plaintiff's Motion to Compel Responses to its First Set of Requests for Admissions (doc. #65) is GRANTED.  Rule 36 of the Federal Rules of Civil Procedure "was designed to reduce

---

[1] District Judge Robert N. Chatigny referred the motions to the undersigned.  (Docs. #68, #71.)

trial time . . . [by] facilitat[ing] proof with respect to issues that cannot be eliminated from the case, and . . . narrow[ing] the issues by eliminating those that can be." Fed. R. Civ. P. 36 advisory committee's note; see also Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983) (overruled on other grounds) (observing that Rule 36 is intended to "narrow issues and speed the resolution of claims").  This design is in keeping with the primary intent of the Rules, which is "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Under the present circumstances, permitting defendants to evade plaintiff's requests on the basis of a procedural technicality would serve no legitimate purpose and would frustrate the intent of the rules.  See, e.g., Kershner v. Beloit Corp., 106 F.R.D. 498, 499-500 (D. Me. 1985) ("There is no reason, other than a motivation to rigidly enforce the technical requirements of the procedural rules, not to require the [non-moving party] to respond to these requests [for admissions].  Here that motivation would produce only a result counterproductive to the interests of the parties and the interests of judicial economy.")

    In accordance with D. Conn. L. Civ. R. 37(d), defendants shall serve responses to plaintiff's December 2012 requests for admissions on or before May 20, 2013.

2. Plaintiff's Motion to Compel Rule 30(b)(6) testimony (doc. #70) is GRANTED. Defendants' designated deponent did not satisfy his "affirmative obligation to educate himself" as to noticed Topic #4. <u>Concerned Citizens of Belle Haven v. Belle Haven Club</u>, 223 F.R.D. 39, 43 (D. Conn. 2004) (quoting <u>Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Company, Inc.</u>, 201 F.R.D. 33, 36-37 (D. Mass. 2001)). The fact that his testimony might be duplicative of information already in plaintiff's possession does not relieve him of his Rule 30(b)(6) obligations. <u>Dongguk University v. Yale University</u>, 270 F.R.D. 70, 74 (D. Conn. 2010) (one proper use of Rule 30(b)(6) is to elicit organization's binding interpretation of documents it previously disclosed).

Defendants shall satisfy their obligations under Rule 30(b)(6) with respect to Topic #4 by June 5, 2013. The parties are encouraged to reach an agreement regarding the form of that compliance.

SO ORDERED at Hartford, Connecticut this 6th day of May, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge