UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SECURITIES AND EXCHANGE COMMISSION,

                               **Plaintiff,**

        -against-                         Index No.: 10-cv-1685 (RNC)

SOUTHRIDGE CAPITAL MANAGEMENT LLC, SOUTHRIDGE ADVISORS LLC, and STEPHEN M. HICKS,

                               **Defendants.**

## DEFENDANTS' ACCOUNTING OF THE RETURN OF FUNDS TO INVESTORS FOR OFFSET OF THE AMOUNT OF DISGORGEMENT

Defendants Southridge Capital Management LLC ("SCM"), Southridge Advisors LLC ("Southridge Advisers"), and Stephen M. Hicks ("Hicks"), by their attorneys, submit the following accounting pursuant to paragraph no. 3 of the Scheduling Order issued by the Court herein, filed on September 29, 2016 [Dkt. 115].

As used herein, Sovereign Partners, L.P. ("Sovereign"), Dominion Capital Fund Ltd. ("Dominion Capital"), and Dominion Investment Fund LLC ("Dominion Investment") are referred to as the "Old Funds". Southridge Partners, L.P. ("Southridge Partners") and South Shore Capital Fund Ltd. ("Southshore") are referred to as the "New Funds".

**I.    Background**

The following are admitted facts based on the discovery record as included in the Plaintiff's Local Rule 56 (A)(1) Statement of Facts submitted together with its motion for summary judgment.

The total amount of legal and administrative expenses that the Defendants caused the New Funds to pay for the benefit of the Old Funds was $5,514,308, as calculated by the Defendants. (Plaintiff's Local Rule 56 (A) (1) Statement of Facts, #38 (hereinafter, "Plaintiff's LR 56 (A)(1) Statement" [Dkt. 74-2]).

Southridge Partners was reimbursed with securities held by the New Funds because those funds were unable to reimburse Southridge Partners in cash. (Plaintiff's LR 56 (A)(1) Statement #111).

The New Funds (and their investors) received the securities of two entities, Technest and Fonix. This "reallocation" of securities between the funds occurred in December 2008. (Plaintiff's LR 56 (A)(1) Statement #112).

Defendants alleged that 3,628,126 shares of Technest Holdings, Inc. ("Technest") common stock, with a book value of $2,712,234, and 206.44 shares of Fonix Series P preferred stock and 66.89 shares of Fonix Series L preferred stock, with a book value of $2,044,379 and $667,855, respectively, were reallocated to Southridge Partners. The total book value of these reallocated shares was thus alleged to be $5,424,468. (Defendants' Response to Interrogatories, 1(L), included as PX-5 with Plaintiff's motion for summary judgment).

II.     **The Liquidated Reimbursement Amounts**

   A.     **Technest First Dividend Payments**

References herein are to the Defendants' Exhibit List submitted herewith.

**Exhibit #1** is a Summary Chart prepared at the direction of Mr. Hicks from the records of SCM and Southridge Advisors and the funds for which they acted as general partner. The summary chart shows that $3 million in redemptions were paid in cash to investors in Southridge Partners, in February and March, 2010, which included dividends paid on Technest shares that

were reallocated to Southridge Partners for the reimbursement of the legal and administrative expenses used for the Old Funds.

The source for the $3 million in redemptions paid at that time was a special "return of capital" cash dividend of $0.407 per share of Technest common stock. The cash dividend was payable on January 15, 2010 to shareholders of record as of January 4, 2010. *See*, **Exhibit # 28 [Technest Holdings, Inc. Form 8-K dated December 23, 2009]**.

As was indicated in Defendants' Response to Interrogatories 1(L), 3,628,126 shares of Technest common stock were reallocated to Southridge Partners to reimburse that fund for the misallocation and legal and administrative expenses that were paid for the Old Funds. The backup for the reallocation of these Technest shares to Southridge Partners as a whole is reflected in **Exhibit # 29 [spreadsheet titled "SRP Technest From Reallocation Deals, 1/08 – 4/11]** and the **Exhibit # 30** [Deal Information Sheets]. The allocation of those shares to the investors in Southridge Partners is reflected in **Exhibit # 31 [spreadsheet titled "Technest Shares to SRP Investors"].**

All investors under the "Acct Name" column with a status number of "3", indicates those investors who requested full redemption and received distributions totaling $3 million. In most cases those amounts were wired or sent by check to the investors. The next three columns indicates payments to those investors requested that funds be sent to other investments managed by Southridge, DAP (Double Alpha Partners LP), SRP 2 (Southridge Partners II LP), and CP Acq (CP Acquisition Partners LP). In those cases, the monies were aggregated and sent as one wire to transfer the amounts to those funds.

The transactions are cross-referenced to the Southridge Partners bank account at Citibank and to the underlying wire information or canceled check. All of the transactions which are

reflected on the bank statement for February are referenced with a capital letter in a circle. All of the transactions which are reflected on the bank statement and March are referenced by a number in a circle.

The backup demonstrating that the amounts reflected in **Exhibit 1** were paid is contained in **Exhibits 2 – 27**. Thus, the Citibank February statement (**Exhibit 2**) immediately follows the summary sheet with the wire backup immediately thereafter, through **Exhibit 24**. The March Citibank statement **(Exhibit 25)** follows the February backup, with wire information or checks that were sent to investors and cleared in March, through **Exhibit 27**.

The portion of the $3 million dividend distributed to Southridge Partners investors attributable to the 3,628,126 Technest shares transferred to Southridge Partners as reimbursement can be derived from multiplying that number of shares by the per-share amount of the dividend, yielding a credit against disgorgement of $1,476,645.

B.   **Technest Second Dividend**

A second Technest dividend was derived from a certain Contingent Value Rights Agreement ("CVR"), as described in the Form 10-Q filed on March 31, 2012 by Accelpath, Inc., which was formerly known as Technest Holdings, Inc. The relevant page from the Form-10-Q is **Exhibit #32**. The company made a CVR payment to its shareholders on May 8, 2012, in the amount of approximately $0.103739 per share (the "Second Dividend").

The Second Dividend generated a payment to Southridge Partners in the net amount of $1,244,260.58, which was allocated among the investors. See the page from the Southridge Partners shareholder ledger at **Exhibit #33.** The portion of the Second Dividend allocable to the

reimbursement shares then held by Southridge Partners Investors was $266,080[1].   The funds were used for Southridge Partners expenses, such as litigation expenses of that fund, as provided in the Southridge Partners limited partnership agreement.

### C.   Value of Technest Shares Distributed

In September 2011, 11,831,771 shares of Technest common stock were distributed to the investors in Southridge Partners. The distribution of those shares to the investors in Southridge Partners is reflected in **Exhibit # 34 [chart titled "Technest Shares Distribution Summary"]** and **Exhibit #35 [Technest Distribution Certificates].**   Of the total amount of Technest shares distributed in September 2011, 2,564,896 came from the 3,628,126 shares of Technest common stock that were transferred to Southridge Partners for reallocation. The remainder of the reallocation shares, equaling 1,063,230, had already been distributed to one of the investors, Pine Street Associates, L.P. in a distribution made on April 20, 2010.   In September 2011, the value of the 2,564,896 reallocated Technest shares that were distributed to the investors was $.08 per share based on the average trading price of Technest, resulting in $205,192 of value being distributed to the investors in Southridge Partners.

### CONCLUSION

If the Defendants are afforded credit against disgorgement for each of the foregoing distributions of proceeds from the shares reallocated to Southridge Partners as reimbursement, Defendants are entitled to a reduction of any disgorgement awarded in the amount of $1,947,917.

---

[1] The shares held by each investor is reflected in **Exhibit #31**, but by the time of the Second Dividend one of the investors, Pine Street Associates, L.P., had already received all of its Technest shares in an in-kind distribution made on April 20, 2010.

Dated: December 29, 2016

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
*Attorneys for Defendants*
875 Third Avenue, 9th Floor
New York, NY 10022
Telephone: (212) 603-6305
Lawrence S. Hirsh, Esq. (*pro hac vice*)
Lhirsh@robinsonbrog.com
