# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

## 875 THIRD AVENUE, 9TH FL.

### NEW YORK, NEW YORK 10022

———

**(212) 603-6300**

———

**FAX (212) 956-2164**

June 7, 2017

Lawrence S. Hirsh
212-603-6305
lhirsh@robinsonbrog.com

**VIA ECF and By Federal Express**

Honorable Robert N. Chatigny
United States District Judge
District of Connecticut
Abraham A. Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

Re: **Securities and Exchange Commission v.  Southridge Capital
Management LLC, et al Case no. 3:10-cv-1685 – RNC**

Dear Judge Chatigny:

We are counsel for the defendants in the referenced case.  We write to ask Your Honor to defer any action regarding the SEC's proposed judgment submitted in the referenced action until we can have a reasonable opportunity to address with the Court the potential impact of the decision issued by the United States Supreme Court on June 5, 2017 in the case, *Kokesh v. SEC*, No. 16-529, holding that claims for disgorgement brought by the SEC are subject to the five-year statute of limitations set forth in 28 U.S.C. §2462.

On our initial review of *Kokesh*, we believe that the proposed disgorgement sought by the SEC in this case includes amounts that are beyond the five-year statute of limitations and that should not be included in any judgment.  Your Honor may recall that the SEC did not offer any specific analysis or proof in this case as to the amount sought in disgorgement.  Specifically, the SEC did not identify which specific transfers of funds gave rise to amount sought, or any dates thereof, but instead relied on a general statement by the defendants themselves in their interrogatory answers as to the amount of the misallocated legal fee payments.  The defendant stated in the interrogatories that those payments occurred "at various dates between 2004 and 2008." Defendants' Response to Interrogatory #1(a).  The Complaint in this action was filed October 25, 2010, so any allegedly improper payments made prior to October 25, 2005 cannot

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

Honorable Robert N. Chatigny
June 7, 2017
Page 2

legally be part of a disgorgement award.  In addition, the Supreme Court took pains to note in the *Kokesh* opinion that the Court was not validating the SEC's authority to seek disgorgement, which is not based on any statute. There may be a valid legal argument based on *Kokesh*'s reasoning that no disgorgement remedy is authorized.

We ask for a reasonable period of time to analyze the impact of *Kokesh* on the disgorgement sought as part of the judgment in this case and to submit any appropriate proof regarding the dates of the relevant payments and legal argument.  Since developing the proof of the specific dates of the payments at issue will likely require us to develop a new query of the defendants' old database, we ask for at least 45 days to make such a submission.

Furthermore, we believe the reasoning of the *Kokesh* opinion leaves open the possibility that the five-year statute of limitations may also be applicable to SEC requests for an injunction. To the extent that the SEC's request for a permanent injunction in this case relies on claims outside of the limitations period, the appropriateness of any permanent injunction is in question.

Based on the foregoing, we respectfully request that the Court afford us a minimum of 45 days to make a submission addressing the significant issues raised by the *Kokesh* decision.

Respectfully submitted,

Lawrence S. Hirsh

cc: Marc J. Jones, Esq., SEC Senior Trial Counsel
    James Reardon, Esq.

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on June 7, 2017, I electronically filed the foregoing letter with the Clerk of the United States District Court for the District of Connecticut, using the CM/ECF system which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

                   /s/ James J. Reardon, Jr.
                   James J. Reardon, Jr.